lowing the change of counsel. Appellant is entitled to a new trial with representation to be provided by his privately-retained counsel.[2]

Judgment of sentence reversed, and a new trial granted.

Justice NEWMAN did not participate in the consideration or decision of this case.

## ORDER

PER CURIAM.

**AND NOW**, this 27th day of November, 2000, the order of the Superior Court is **AFFIRMED.** *Erie v. Pap's A.M. t/d/b/a/ Kandyland*, 529 U.S. 277, 120 S.Ct. 1382, 146 L.Ed.2d 265 (2000).

Justice NEWMAN did not participate in the consideration or decision of this case.

---

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**James Darrell LOUGHARD, Appellant.**

Supreme Court of Pennsylvania.

Argued Sept. 11, 2000.

Decided Nov. 27, 2000.

Lawrence J. Casella, Pittsburgh, for J. Loughard.

John G. Knorr, Gerald J. Pappert, Harrisburg, for Com. of Pennsylvania.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO and SAYLOR, JJ.

---

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Clyde Ronald LOUGHARD, Appellant.**

Supreme Court of Pennsylvania.

Argued Sept. 11, 2000.

Decided Nov. 27, 2000.

Lawrence J. Casella, Pittsburgh, for C. Loughard.

John G. Knorr, Gerald J. Pappert, Harrisburg, for Com. of Pennsylvania.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO and SAYLOR, JJ.

---

2. Appellant's argument that he should not be subjected to retrial is without basis. Where there has been a deprivation of the right to counsel of one's choice, the remedy is a new trial. *Commonwealth v. Johnson*, 550 Pa. 298, 304–06, 705 A.2d 830, 833–34 (1998).